UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REZA PEYVANDI, et al.,            )
                                  )
    Plaintiffs,                   )
                                  )
    v.                            )   Civil Case No. 23-2795 (RJL)
                                  )
U.S. DEPARTMENT OF STATE, et al., )
                                  )
    Defendants.                   )

## MEMORANDUM ORDER
(July 17th, 2024) [Dkt. # 4]

Plaintiffs Reza Peyvandi, Leila Shirnezhad, Manely Peyvandi, and Shaily Peyvandi ("plaintiffs") are Iranian nationals who were randomly selected to participate in the State Department's diversity visa program, which allocates up to 55,000 immigrant visas per fiscal year to individuals from countries with historically low levels of immigration to the United States. *See* Compl. & Action in Mandamus ("Compl.") [Dkt. #1] ¶¶ 5, 8–10; *see also* 8 U.S.C. §§ 1151(e), 1153(c). Although plaintiffs submitted their visa applications for the 2023 fiscal year program in August 2022, their applications remained pending for over a year. Compl. ¶¶ 11–13. Individuals whose applications have not been adjudicated by a consular officer before the end of the fiscal year on September 30th lose their eligibility for a diversity visa. *See* Compl. ¶ 8; 8 U.S.C. § 1154(a)(1)(I)(ii)(II); *see also* 8 22 C.F.R. § 42.33(a)(1) ("Under no circumstances may a consular officer issue a visa or other documentation to an alien after the end of the fiscal year during which an alien possesses diversity visa eligibility."). Plaintiffs therefore filed this suit against the

Department of State and the Secretary of State ("defendants") on September 22, 2023, seeking to challenge the delay in adjudication of their immigrant visa applications. *See generally* Compl. Plaintiffs seek issuance of a writ of mandamus and/or an order to compel under the Administrative Procedure Act ("APA") requiring defendants to reserve diversity visa numbers from the 2023 fiscal year and thereafter promptly adjudicate plaintiffs' visa applications. Compl. ¶¶ 21–24, 31–32, 47, 51–53.

Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that plaintiffs' claims are moot. *See* Defs.' Mot. to Dismiss [Dkt. #4] ("Defs.' Mot.") at 8–10. A case is moot when the "issues presented are no longer 'live,'" *Powell v. McCormack*, 395 U.S. 486, 496 (1969), and "it becomes impossible for the court to grant any effectual relief whatever to the prevailing party," *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). Defendants argue that plaintiffs' claims are moot because noncitizens selected for a diversity visa "shall remain eligible to receive such visa only through the end of the specific fiscal year for which they were selected," and plaintiffs therefore lost their eligibility for a diversity visa as of midnight on September 30, 2023. Defs.' Mot. at 8 (quoting 8 U.S.C. § 1154(a)(1)(I)(ii)(II)); *see also Almaqrami v. Pompeo*, 933 F.3d 774, 780 (D.C. Cir. 2019) ("Courts are often asked to intervene in disputes over diversity visas, and the end of the selection [fiscal year] does often render those cases moot."). Further, Congress established a statutory cap for the number of diversity visas that may be issued in any given fiscal year, and this statutory cap has already been reached for 2023. Defs.' Mot. at 9–10; *see also* Dep't of State Bureau of Consular Affs., Update on Diversity Visa

(DV) Program 2023, https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/visas-news-archive/update-on-diversity-visa-dv-program-2023.html [https://perma.cc/9BN6-XQ5A].

In response, plaintiffs argue that the fact that the fiscal year ended, and all available visa numbers were used, is "irrelevant" because they are asking the Court to grant them relief *despite* these obstacles. Pls.' Opp'n to Defs.' Mot. to Dismiss & Mem. in Supp. [Dkt. #6] ("Pls.' Opp'n") at 3. Plaintiffs identify a few cases in which district courts have exercised their equitable power to compel the government to "grant plaintiffs the relief they would have been entitled" had the defendants processed their visa applications in a timely manner, finding relief proper "even though the statutory deadline had passed" and "even though the statutory visa cap had been reached" for the fiscal year. *P.K. v. Tillerson*, 302 F. Supp. 3d 1, 8–9 (D.D.C. 2017) (citing *Przhebelskaya v. U.S. Bureau of Citizenship & Immigr. Servs.*, 338 F. Supp. 2d 399, 406 (E.D.N.Y. 2004); *Paunescu v. I.N.S.*, 76 F. Supp. 2d 896, 903 (N.D. Ill. 1999)); Pls.' Opp'n at 6–7. However, our Circuit Court has directly foreclosed plaintiffs' argument. In *Goodluck v. Biden*, the Circuit Court held that "it does not matter whether a selectee has submitted the required documents, filed a lawsuit, obtained some form of preliminary relief, or done anything else short of receiving the visa; at the end of the fiscal year, 'those applicants without visas are out of luck.'" 104 F.4th 920, 927 (D.C. Cir. 2024) (quoting *Yung-Kai Lu v. Tillerson*, 292 F. Supp. 3d 276, 282 (D.D.C. 2018)). In doing so, the Circuit Court squarely rejected the cases that plaintiffs rely on regarding equitable relief, instead holding that "district courts ha[ve] no remedial

authority to order the government to process visa applications and grant visas after the statutory deadlines." *Id.* at 927, 929 n.5.

Because plaintiffs' eligibility for diversity visas expired on September 30, 2023, and defendants do not have the authority to issue 2023 diversity visas after the end of the fiscal year, plaintiffs' claims are moot and must be dismissed. *See Mwasaru v. Napolitano*, 619 F.3d 545, 547 (6th Cir. 2010).

Accordingly, it is hereby

**ORDERED** that defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that this action is **DISMISSED**.

**SO ORDERED**.

*[signature]*
RICHARD J. LEON
United States District Judge